**SULLIVAN & CROMWELL LLP**

TELEPHONE: 1-202-956-7500
FACSIMILE: 1-202-293-6330
WWW.SULLCROM.COM

*1700 New York Avenue, N.W.*
*Suite 700*
*Washington, D.C. 20006-5215*

December 5, 2019

By ECF

The Honorable Paul A. Engelmayer,
   United States District Court for the Southern District of New York,
     500 Pearl Street, Chambers 1350,
       New York, New York 10007.

     Re:   *Campanelli* v. *Flagstar Bancorp, Inc.*, No. 1:19-cv-07299 (PAE) (S.D.N.Y.)

Dear Judge Engelmayer:

     Pursuant to Rule 2.C of the Court's Individual Rules, I write on behalf of Defendant Flagstar Bancorp, Inc. ("Flagstar") to request that the Court stay discovery pending decision on Flagstar's motion to dismiss. On December 2, 2019—less than a week after Flagstar filed its reply brief in further support of its motion to dismiss—Plaintiff Joseph P. Campanelli sent Flagstar Interrogatories and Requests for Production of Documents (attached hereto as Exhibits A and B), which include 2 Interrogatories and 27 overbroad requests for "all Documents" on a range of topics covering a time period of more than 10 years. Courts have broad "discretion to stay discovery 'for good cause,'" *Boelter* v. *Hearst Commc'ns, Inc.*, 2016 WL 361554, at *4 (S.D.N.Y. Jan. 28, 2016), and courts in this District, including this Court, routinely stay discovery pending resolution of a motion to dismiss where, as here, "Plaintiffs' claims [are] in at least some doubt pending the resolution of the motions to dismiss, discovery is likely to be broad, and the imposition of a stay would not unfairly prejudice the Plaintiffs." *Spinelli* v. *NFL*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (staying discovery).[1] Counsel for Flagstar has met and conferred with counsel for Campanelli by telephone on December 4, 2019, but Campanelli did not agree to stay discovery pending resolution of Flagstar's motion to dismiss.

## Background

     Campanelli filed this action on August 5, 2019. The Complaint's central allegation is that Flagstar must pay him a "golden parachute" payment that Flagstar is legally prohibited from making without express authorization from federal banking regulators, which has not been provided to date. (Compl. ¶¶ 15, 36.) Moreover, as explained more fully in Flagstar's motion to dismiss and reply brief, Flagstar cannot make the certifications that are required for it to apply

---

[1]    *E.g.*, *Granda* v. *Trujillo*, 2019 WL 367983, at *3 (S.D.N.Y. Jan. 30, 2019) (Engelmayer, J.) (noting that "the court granted" a "stay [of] discovery pending the resolution of its motion to dismiss"); *Del-Orden* v. *Bonobos, Inc.*, 2017 WL 6547902, at *3 (S.D.N.Y. Dec. 20, 2017) (Engelmayer, J.) (same); *Rodriguez* v. *Cty. of Westchester*, 2017 WL 118027, at *4 (S.D.N.Y. Jan. 11, 2017) (Engelmayer, J.) (same); *Oorah, Inc.* v. *Kane Kessler, P.C.*, No. 17-cv-7175 (PAE), ECF#60 (S.D.N.Y. Feb. 12, 2018) (same); *Bristol-Myers Squibb & Co.* v. *Matrix Labs. Ltd.*, No. 12-cv-5846 (PAE), ECF#56 (S.D.N.Y. Feb. 11, 2015) (same).

for an exception under the Golden Parachute Regulations, and any compelled order that Flagstar make a false and misleading certification to the regulators, which is the sole remedy Campanelli now seeks, would be a clear-cut violation of the First Amendment.

On December 2, 2019, Campanelli sent Flagstar Interrogatories and Document Requests. The Interrogatories purport to require that Flagstar, among other things, "identify" and provide a "general description" of "*all documents* relevant to the subject matter of this action." (Rog. No. 1 (emphasis added).) The Document Requests cover a ten-year period "from June 1, 2009 to the present," and seek "[a]ll documents and communications" concerning (i) "whether Defendant could, should, or would" make the payments at issue, (ii) various enforcement actions by banking regulators against Flagstar, which will implicate materials protected under the bank examination privilege, and (iii) whether Campanelli "engaged in" any form of misconduct identified in the Golden Parachute Regulations. (*E.g.*, Doc. Request Nos. 1-2, 21-24, 26.)

### The Court Should Stay Discovery Pending Resolution of the Motion to Dismiss

In determining whether to stay discovery pending resolution of a motion to dismiss, courts consider three factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *O'Sullivan* v. *Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). All three factors weigh in favor of a stay here.

**1. Campanelli's discovery requests are broad.** There is no question that Campanelli's "requests are broad and demand extensive responses." *Boelter*, 2016 WL 361554, at *5 (discussing similar broad requests for "[a]ll documents"). Indeed, courts have stayed discovery pending decision on a motion to dismiss where "the breadth of the discovery sought in th[e] action will cover a six-year period," which is nearly two times shorter than the time period covered by Campanelli's 27 broad Document Requests. *Integrated Sys. & Power, Inc.* v. *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see O'Sullivan*, 2018 WL 1989585, at *8 (same; plaintiff seeks documents spanning "many years").

In addition, many of the requested documents will contain confidential supervisory information, which Flagstar is not permitted to disclose under federal banking regulations. Accordingly, lawyers will need to carefully review every potentially responsive document and withhold or redact any confidential supervisory information, which will make responding to the discovery requests in this action significantly more burdensome. "[I]f the motion [to dismiss] is granted, this burden will likely have served little purpose." *Niv* v. *Hilton Hotels Corp.*, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007).

**2. Campanelli will not be prejudiced by a brief stay.** This case is in its early stages, and Campanelli will not be prejudiced by a brief stay of discovery pending resolution of the motion to dismiss. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2. Accordingly, "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan*, 2018 WL 1989585, at *9. The fact that there is no immediate need to engage in discovery is further underscored by the fact that Campanelli instituted this action four months ago, and did not seek any discovery until now.

To the extent Campanelli believes that propounding burdensome discovery during the pendency of a motion to dismiss will improve his chances of an early settlement, he is mistaken. The Golden Parachute Regulations apply equally to any potential payment to resolve this dispute, so Flagstar would be prohibited from settling this litigation absent regulatory approval. *See Harrison* v. *Ocean Bank*, 614 F. App'x 429, 434 (11th Cir. 2015).

**3. Flagstar's motion to dismiss is strong.** In assessing this factor, the Court need "not predict the outcome of Defendant's motion," but instead need only undertake an "initial review" to determine whether the "motion to dismiss 'is potentially dispositive, and appears to be not unfounded in the law.'" *Boelter*, 2016 WL 361554, at *5; *see Integrated Sys.*, 2009 WL 2777076, at *1 (same).[2] Indeed, the Supreme Court has made clear that a plaintiff "is not entitled to discovery, cabined or otherwise," where the "complaint is deficient under Rule 8." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 686 (2009); *see Main St. Legal Servs., Inc.* v. *Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.").

Here, as a matter of law, Flagstar cannot legally make the disputed payments to Campanelli without express authorization from the Federal Reserve and the FDIC. Campanelli has thus rightfully conceded that he is no longer "demanding that Flagstar make a payment in contravention of the Golden Parachute Regulations." (ECF#30 at 23.) His newfound claim that Flagstar must instead make a false and misleading certification to the regulators fails for a host of independent reasons, including (i) the concepts of "good faith" and "best reasonable efforts" do not encompass making false statements to regulators, (ii) Campanelli has not sought approval for the payments himself, as the regulations permit and Flagstar encouraged him to do, (iii) he has no explanation for why the regulators would give any credence to a compelled certification that Flagstar has stated it cannot in good conscious provide, and (iv) any such compelled certification would violate the First Amendment. Because Flagstar "has put forth in its motion multiple, independent arguments for dismissal and the motion 'appears not to be unfounded in the law,'" the Court should stay discovery. *Integrated Sys.*, 2009 WL 2777076, at *1.

For the foregoing reasons, the Court should stay discovery pending resolution of the motion to dismiss.

Respectfully submitted,

*/s/ Julia M. Jordan*
Julia M. Jordan

---

[2] Although some courts have required a defendant to make a "strong showing that Plaintiffs' claim is unmeritorious," as Judge Sullivan has explained, "the weight of the authority in the Southern District of New York" requires a more modest showing that there are "substantial grounds" for dismissal that "appear[] to be not unfounded in the law." *Ellington Credit Fund, Ltd.* v. *Select Portfolio Servs., Inc.*, No. 08-cv-2437 (RJS), ECF#20 at 6 & n.1 (S.D.N.Y. June 12, 2008). In any event, Flagstar meets even the heightened "strong showing" requirement, as demonstrated above.